United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41552
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JASON WAYNE McBRIDE,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-726-ALL
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Jason Wayne McBride challenges his sentence for transporting illegal aliens within the United States, in violation of 8 U.S.C. § 1324.  On appeal, McBride argues that his sentence was unconstitutional in light of United States v. Booker, 125 S. Ct. 738 (2005), because it was enhanced based on facts neither proven to a jury beyond a reasonable doubt nor admitted by him.

    When a Booker error is preserved, this court "will ordinarily vacate the sentence and remand," unless the error is

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

harmless.  United States v. Pineiro, __F.3d__, No. 03-30437, 2005 WL 1189713, at *2 (5th Cir. May 20, 2005) (on remand from the Supreme Court)(internal quotation marks and citation omitted). The Government bears the burden of demonstrating that the error was harmless beyond a reasonable doubt.  Id.  In order to carry this burden, the Government must show that the Booker error did not affect the sentence that the defendant received, i.e., it must show "that the district court would have imposed the same sentence absent the error."  Id.

The Presentence Report set McBride's base offense level at 12 pursuant to U.S.S.G. § 2L1.1.  Three points were added to McBride's offense level pursuant to § 2L1.1(b)(2)(A) because the offense involved 6 to 24 illegal aliens.  Pursuant to § 2L1.1(b)(5), McBride's offense level was increased to 18 because the offense created a substantial risk of death or serious bodily injury to another person.  McBride was awarded a three-point downward departure for acceptance of responsibility pursuant to § 3E1.1, resulting in a total offense level of 15.

McBride preserved his objections to the enhancement of his sentence based on the dangerous manner in which his passengers were transported and the number of illegal aliens transported by raising the arguments both in the district court and on appeal. Despite the Government's argument to the contrary, McBride did not implicitly admit to the facts necessary to support the enhancement to his sentence based on the reckless endangerment of

his passengers by assenting to the facts presented during the guilty plea colloquy. McBride did not otherwise admit such facts and they were not proven to a jury beyond a reasonable doubt. Without the sentence enhancement for the reckless endangerment of his passengers, McBride's total offense level of 15 would have made him eligible only for a two-point downward departure for acceptance of responsibility. See § 3E1.1(b). Based on a criminal history category of IV and a total offense level of 13, McBride's guidelines imprisonment range would have been 24 to 30 months of imprisonment as opposed to 30 to 37 months.

Whether McBride admitted to the number of illegal aliens secreted within his trailer during the guilty plea colloquy is a closer question. The Government contends and McBride contests that he implicitly admitted that he transported 20 illegal aliens inside his trailer by failing to contest the facts recited during the guilty plea colloquy and to recant or correct his admission to border patrol agents that he was transporting aliens for a fee. On remand, the district court should determine, as an initial matter, whether McBride admitted to the number of illegal aliens secreted inside his trailer during the guilty plea colloquy.

Should the district court find that McBride did not admit to the number of illegal aliens he transported, his total offense level would be 10. With a total offense level of 10 and a

criminal history category of IV, McBride's guidelines imprisonment range would be 15 to 21 months.

Under either scenario, the district court's Booker error contributed to McBride's sentence, and he was prejudiced by the error because the available sentencing range was increased beyond that which he would otherwise have been eligible. See United States v. Akpan, 407 F.3d 360, 376-377 (5th Cir. 2005) (A "harmless error" is one that does not affect the defendant's substantial rights and does not cause prejudice by affecting the outcome of the proceedings.).

As the district court sentenced McBride to the minimum sentence available under the guidelines and gave no indication that it would have sentenced him differently had it acted under an advisory guidelines regime, the Government has not met its burden of proving that the district court would have imposed the same sentence absent the error. See Pineiro, 2005 WL 1189713, at *2.

Accordingly, McBride's sentence is VACATED, and this case is REMANDED to the district court for resentencing consistent with Booker.